NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SALAHUDIN SHAHEED,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-2157

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01868-EHM, Judge Edward H. Meyers.

---

Decided:  July 13, 2026

---

SALAHUDIN SHAHEED, Pollock, LA, pro se.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before PROST, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Mr. Salahudin Shaheed appeals the United States Court of Federal Claims' decision granting the Government's motion to dismiss his breach of contract claim. Specifically, the trial court determined that Mr. Shaheed failed to allege that he entered a bailment contract with the United States. For the reasons discussed below, we affirm.

## BACKGROUND

Mr. Shaheed is incarcerated in federal prison. He was initially incarcerated at Federal Corrections Institute (FCI) Berlin in New Hampshire. While in custody, Mr. Shaheed requested that his defense attorney send him his entire case file, consisting of forty computer discs. FCI Berlin received all forty discs.

FCI Berlin's policies allow inmates to view their legal materials on a computer if both the inmate and a witness sign a document titled "Rules Governing the Use of Electronic Storage Media to View Legal Materials" ("Rules Document"). The Rules Document provides the following: "I, inmate, . . . agree to abide by the following rules of use. I understand that any violation of these rules will result in my suspension from the program and disciplinary action." Appx 4.[1] Mr. Shaheed signed the Rules Document and a Bureau of Prisons (BOP) officer signed as a witness. *Id.*

In February 2023, BOP transferred Mr. Shaheed to FCI McKean in Pennsylvania. FCI McKean received, inventoried, and catalogued Mr. Shaheed's forty computer discs.

---

[1] "Appx" refers to the Appendix filed by Mr. Shaheed, ECF No. 15. Pinpoint Appendix citations use the page numbering applied by Mr. Shaheed in the Appendix's Table of Contents. *See id.*

Then, in November 2023, BOP transferred Mr. Shaheed to FCI Pollock in Louisiana. Mr. Shaheed requested access to the forty discs, but ten of the forty discs were missing. FCI Pollock's records indicated that it only received thirty discs from FCI McKean. Neither FCI Berlin nor FCI McKean possessed the ten missing discs.

After learning that ten discs were missing, Mr. Shaheed initiated an administrative remedy process at FCI Pollock, but his request for relief was denied. *See* Appx 10–24. Mr. Shaheed then filed the instant case against the United States in the Court of Federal Claims, initially seeking damages based on (1) a *Bivens* action, (2) conversion, and (3) a breach of a bailment contract. The Government moved to dismiss all claims under Court of Federal Claims Rule 12. While responding to the motion to dismiss, Mr. Shaheed clarified that he is only pursuing a breach of bailment contract claim. The trial court granted the Government's motion to dismiss.

Mr. Shaheed appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

To avoid dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "We review the Court of Federal Claims' decision as to . . . failure to state a claim de novo." *B.H. Aircraft Co. v. United States*, 89 F.4th 1360, 1362 (Fed. Cir. 2024).

The only issue on appeal is whether Mr. Shaheed plausibly alleged a breach of a bailment contract with the Government. Mr. Shaheed argues that the trial court erred in dismissing his complaint because (1) it incorrectly determined that the forty discs were not voluntarily delivered to

BOP, (2) Mr. Shaheed adequately pled all requirements to form a bailment contract with the United States, and (3) a bailment contract does not require consideration.

An express or "implied-in-fact contract with the [G]overnment requires proof of (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) 'actual authority' on the part of the [G]overnment's representative to bind the [G]overnment in contract." *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003); *see also City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998). "A bailment relationship is said to arise where an owner, while retaining title, delivers personalty to another for some particular purpose upon an express or implied contract. The relationship includes a return of the goods to the owner or a subsequent disposition in accordance with his instructions." *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (quoting *Lionberger v. United States*, 178 Ct. Cl. 151, 167 (1967)). "The purely unilateral act of seizing a person's personal property does not evidence intent to enter into a bailment contract." *Id.* at 1369 (cleaned up).

We agree with the Government that the trial court did not err in dismissing Mr. Shaheed's complaint. Mr. Shaheed does not plausibly allege that he "deliver[ed] personalty" to BOP because BOP seized Mr. Shaheed's files upon delivery to FCI Berlin. *Id.* at 1368. Mr. Shaheed alleges that his files were "converted by the U.S.," SAppx 16,[2] but he never alleges that he voluntarily delivered the files to BOP. *See also* SAppx 17 ("Mr. SHAHEED 'never' authorized the U.S., via the F.B.O.P. to take dominion over 'TEN'

---

[2]    "SAppx" refers to the Supplemental Appendix filed with the Government's Response Brief, ECF No. 17.

of his legal disc . . . ."); SAppx 18 (referring to the "converted disc(s)"). As the trial court correctly observed here:

> [T]here was nothing voluntary about the delivery of the computer discs to BOP in this case—in fact, there was no delivery to BOP in this case. BOP intercepted the delivery to Mr. Shaheed and dictated to him the terms under which he could access the computer discs. That was not voluntary.

SAppx 5. Accordingly, Mr. Shaheed has not plausibly alleged that a bailment occurred.

Moreover, we agree with the Government that the trial court did not err in holding Mr. Shaheed failed to plausibly allege an express or implied contract between Mr. Shaheed and the United States because Mr. Shaheed failed to plausibly allege that consideration was exchanged. Like in *Kam-Almaz*, "because [Mr. Shaheed] did not voluntarily deliver his property to the [G]overnment, his complaint fails to allege any valid consideration." 682 F.3d at 1369 (citing *Llamera v. United States*, 15 Cl. Ct. 593, 598 (1988)).

We reject Mr. Shaheed's argument that the Rules Document evidences a contract between him and the United States because it merely reflects "Mr. Shaheed's unilateral agreement to abide by" FCI Berlin's rules. SAppx 6; *see* Appx 4. Similar to the signed document at issue in *Shelton v. United States*, the Rules Document "does not reflect consideration of any sort offered by the [G]overnment in return for [the inmate's] participation." 539 F. App'x 1011, 1013 (Fed. Cir. 2013) (nonprecedential). Finally, we reject Mr. Shaheed's argument that the trial court erred by requiring consideration. *See Kam-Almaz*, 682 F.3d at 1368; *Hanlin*, 316 F.3d at 1328; *City of Cincinnati*, 153 F.3d at 1377. Because Mr. Shaheed does not plausibly allege consideration, the trial court did not err in dismissing his claim.

6                                                      SHAHEED v. US

CONCLUSION

We have considered Mr. Shaheed's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.